## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IMMIGRANT LEGAL ADVOCACY PROJECT<br>and AMERICAN CIVIL LIBERTIES UNION<br>OF MAINE FOUNDATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br><br>    Defendant. | Case No. 2:21-CV-00066-JAW |

### DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to 5 U.S.C. § 552(a)(4)(C) and Federal Rule of Civil Procedure 12(a), Defendant United States Immigration and Customs Enforcement ("ICE" or "Defendant") answers the Amended Complaint for Declaratory and Injunctive Relief for Violation of the Freedom of Information Act, 5 U.S.C. § 552 (ECF No. 4) (the "Complaint") filed on March 4, 2021, by Plaintiffs Immigrant Legal Advocacy Project and American Civil Liberties Union of Maine Foundation ("Plaintiffs") on knowledge, information, and belief as follows:

### INTRODUCTION♦

1. The allegations asserted in Paragraph 1 of the Complaint constitute a characterization of this action, to which no response is required. To the extent that a response is required, Defendant admits only that it received a request from Plaintiffs pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"), dated January 15, 2021 (the "Request"). Defendant otherwise denies the remaining allegations asserted in Paragraph 1 of the Complaint.

---

♦ For convenience, headings in this Answer correspond to the headings used by Plaintiffs in the Complaint and do not constitute allegations, averments, or admissions by Defendant.

2. The allegations asserted in Paragraph 2 of the Complaint constitute a characterization of Plaintiffs' motivations for filing the Request, to which no response is required. To the extent that a response is required, Defendant admits only that a true and correct copy of the Request is attached to the Complaint as Exhibit A (ECF No. 4-1). To the extent that Paragraph 2 of the Complaint purports to characterize the contents of the Request, Defendant responds that the Request is a document that speaks for itself and denies that Paragraph 2 of the Complaint fully and accurately characterizes its contents.

3. Defendant admits only that it received Plaintiffs' Request dated January 15, 2021, and that a true and correct copy of the Request is attached to the Complaint as Exhibit A (ECF No. 4-1). To the extent that Paragraph 3 of the Complaint purports to characterize the contents of the Request, Defendant responds that the Request is a document that speaks for itself and denies that Paragraph 3 of the Complaint fully and accurately characterizes its contents. Defendant otherwise denies the allegations asserted in Paragraph 3 of the Complaint.

4. Defendant admits only that, as of the date that Plaintiffs filed the Complaint, ICE had not responded to the Request. Defendant otherwise denies the remaining allegations asserted in Paragraph 4 of the Complaint.

## JURISDICTION

5. The allegations asserted in Paragraph 5 of the Complaint consist of Plaintiffs' conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits that this Court has subject matter jurisdiction and personal jurisdiction, subject to the limitations of FOIA.

## VENUE

6. The allegations asserted in Paragraph 6 of the Complaint consist of Plaintiffs' conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that venue properly lies with this Court.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 7 of the Complaint and, on that basis, denies same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 8 of the Complaint and, on that basis, denies same.

9. Defendant admits the allegations asserted in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 10 of the Complaint and, on that basis, denies same.

## FACTS

11. Defendant admits only that the lawsuits referenced by Plaintiffs in Footnote 2 to Paragraph 11 of the Complaint were filed against, among other defendants, ICE or ICE officials. Defendant otherwise denies the allegations asserted in Paragraph 11 of the Complaint.

12. Defendant admits only that Paragraph 12 of the Complaint contains partial quotations from Versions 5.0 and 4.0 of ICE's publication titled *COVID-19 Pandemic Response Requirements*, available at, respectively, https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v5.pdf and https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v4.pdf. To the extent that Paragraph 12 of the Complaint purports to characterize the contents of the cited versions of the publication, Defendant responds that the publication is a document that speaks for

itself and denies that Paragraph 12 of the Complaint fully and accurately characterizes its contents. Defendant otherwise denies the allegations asserted in Paragraph 12 of the Complaint.

13. Defendant denies the allegations asserted in Paragraph 13 of the Complaint.

14. Defendant admits only that (a) on October 23, 2020, Antony Jose Canela Rodriguez filed a lawsuit in the U.S. District Court for the District of Maine against, among others, Todd Lyons, then the Acting Field Office Director of ICE's Boston Field Office, that was assigned Docket No. 20-cv-393-LEW (D. Me.); and (b) Ritch Dorce filed a lawsuit in the U.S. District Court for the District of Massachusetts against, among others, Mr. Lyons, that was assigned Docket No. 20-cv-11306 (D. Mass.). To the extent that Paragraph 14 of the Complaint purports to characterize the contents of Mr. Canela Rodriguez's complaint, the filings submitted on behalf of the federal defendants in Mr. Canela Rodriguez's lawsuit, or the opinions issued by the district court presiding over Mr. Dorce's lawsuit, Defendant responds that such pleadings, filings, and opinions are documents that speak for themselves and denies that Paragraph 14 of the Complaint fully and accurately characterizes their contents. Defendant otherwise denies the remaining allegations asserted in Paragraph 14 of the Complaint.

15. Defendant admits only that (a) following the filing of Mr. Canela Rodriguez's lawsuit, ICE continued to stage some new arrests in Cumberland County Jail prior to transfer to other facilities; (b) on December 4, 2020, an official from the Cumberland County Jail sent an email to ICE officials; and (c) Paragraph 15 of the Complaint contains a partial quotation from that email. To the extent that Paragraph 15 of the Complaint attempts to characterize the December 4, 2020 email, Defendant responds that the email is a document that speaks for itself and denies that Paragraph 15 of the Complaint fully and accurately characterizes its contents. Defendant otherwise denies the allegations asserted in Paragraph 15 of the Complaint.

16. As to the allegations asserted in the first sentence of Paragraph 16 of the Complaint, Defendant admits only that a sub-office of ICE is currently being constructed in Scarborough, Maine, that will be used for local, in-state Criminal Alien Program cases. As to the allegations asserted in the second sentence of Paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted therein and, on that basis, denies same. Defendant otherwise denies the allegations asserted in Paragraph 16 of the Complaint.

17. To the extent that Paragraph 17 of the Complaint purports to characterize the Request, Defendant responds that the Request – a true and correct copy of which is attached to the Complaint as Exhibit A (ECF No. 4-1) – is a document that speaks for itself and denies that Paragraph 17 of the Complaint fully and accurately characterizes its contents. Defendant otherwise denies the allegations asserted in Paragraph 17 of the Complaint.

## PLAINTIFFS' FOIA REQUEST

18. To the extent that Paragraph 18 of the Complaint purports to characterize the Request, Defendant responds that the Request – a true and correct copy of which is attached to the Complaint as Exhibit A (ECF No. 4-1) – is a document that speaks for itself and denies that Paragraph 18 of the Complaint fully and accurately characterizes its contents. Defendant otherwise denies the remaining allegations asserted in Paragraph 18 of the Complaint.

19. Defendant admits the allegations asserted in Paragraph 19 of the Complaint.

20. Defendant admits only that Paragraph 20 of the Complaint contains a partial quotation from the Request. Defendant otherwise denies the allegations asserted in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph 21 of the Complaint and, on that basis, denies same.

22. Defendant admits only that Paragraph 22 contains a partial quotation from the Request. Defendant otherwise denies the remaining allegations asserted in Paragraph 22 of the Complaint.

23. Defendant admits the allegations asserted in Paragraph 23 of the Complaint.

24. Defendant denies the allegations asserted in Paragraph 24 of the Complaint.

### III. The Agency Violated Its Obligation to Respond to the FOIA Request within 20 Days

25. The allegations asserted in Paragraph 25 of the Complaint consist of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations asserted in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the Complaint consist of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations asserted in Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27 of the Complaint consist of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations asserted in Paragraph 27 of the Complaint.

28. As to the first and second sentences in Paragraph 28 of the Complaint, Defendant admits only that Plaintiffs submitted the Request to ICE on about January 15, 2021, and that Defendant had not provided a response to the Request as of the date Plaintiffs filed the Complaint. The allegations asserted in the third sentence of Paragraph 28 of the Complaint consist of Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations asserted in the third sentence of Paragraph 28 of the Complaint.

29. As to the first sentence in Paragraph 29 of the Complaint, Defendant admits that it had not provided a response to the Request as of the date Plaintiffs filed the Complaint. The

allegations asserted in the second sentence of Paragraph 29 of the Complaint consist of Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations asserted in Paragraph 29 of the Complaint.

30. The allegations asserted in Paragraph 30 of the Complaint consist of Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations asserted in Paragraph 30 of the Complaint.

31. The allegations asserted in Paragraph 31 of the Complaint constitute Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant admits the allegations asserted in Paragraph 31 of the Complaint.

### FIRST CAUSE OF ACTION
### Violation of FOIA for Failure to Provide a Determination Within 20 Business Days

32. The allegations asserted in Paragraph 32 of the Complaint consist of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations asserted in Paragraph 32 of the Complaint.

33. The allegations asserted in Paragraph 33 of the Complaint consist of Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations asserted in Paragraph 33 of the Complaint.

### SECOND CAUSE OF ACTION
### Violation of FOIA for Failure to Make Records Promptly Available

34. The allegations asserted in Paragraph 34 of the Complaint consist of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations asserted in Paragraph 34 of the Complaint.

35. Defendant avers that its search for documents that are potentially responsive to the Request is ongoing; Defendant therefore lacks knowledge or information sufficient to form a

belief as to the truth of the allegations asserted in Paragraph 35 of the Complaint and, on that basis, denies same.

36. Defendant admits only that it had not completed a search for documents potentially responsive to the Request as of the date Plaintiffs filed the Complaint. Defendant otherwise denies the allegations asserted in Paragraph 36 of the Complaint.

37. Defendant admits only that it had not provided any documents in response to the Request as of the date Plaintiffs filed the Complaint. Defendant otherwise denies the allegations asserted in Paragraph 37 of the Complaint.

## THIRD CAUSE OF ACTION
## Violation of FOIA for Improperly Denying
## Plaintiffs' Request for Expedited Processing

38. The allegations asserted in Paragraph 38 of the Complaint constitute Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations asserted in Paragraph 38 of the Complaint.

39. The allegations asserted in Paragraph 39 of the Complaint constitute Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations asserted in Paragraph 39 of the Complaint.

40. The allegations asserted in Paragraph 40 of the Complaint constitute Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations asserted in Paragraph 40 of the Complaint.

41. The allegations asserted in Paragraph 41 of the Complaint constitute Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations asserted in Paragraph 41 of the Complaint.

## PRAYER FOR RELIEF

The paragraphs after the "WHEREFORE" clause that follow Paragraph 41 of the Complaint consist solely of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

## GENERAL DENIAL

Except to the extent expressly admitted above, Defendant denies each and every allegation asserted in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiffs' Complaint. All affirmative defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever. Defendant reserves its right to amend this Answer to the extent that any additional defenses are ascertained in the future:

A. Plaintiffs' Complaint fails to state a claim for which relief can be granted, as Defendant has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522.

B. The information that Defendant may withhold in response to Plaintiff's Request may be exempt in whole or in part from public disclosure under FOIA, 5 U.S.C. §552(b).

C. To the extent that Plaintiffs' Request is unduly burdensome, it does not comply with FOIA and/or does not trigger a search or production obligation.

D. To the extent that Plaintiffs' Request does not reasonably describe the records sought, it does not comply with FOIA and/or does not trigger a search or production obligation.

E. Plaintiffs' Request is not enforceable under FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

F. Defendant has exercised due diligence in processing Plaintiffs' Request and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of Plaintiffs' Request. *See* 5 U.S.C. § 552(a)(6)(C).

WHEREFORE, pursuant to its Answer and Affirmative Defenses, Defendant requests that the Court dismiss the Complaint; enter judgment for Defendant; and grant such other and further relief as the Court deems proper.

Respectfully submitted,

DONALD E. CLARK
Acting United States Attorney

Dated: April 7, 2021
Portland, Maine

/s/ Ashley E. Eiler
Ashley E. Eiler
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street
East Tower, 6th Floor
Portland, ME  04101
(207) 771-3244
Ashley.Eiler@usdoj.gov
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2021, I electronically filed the foregoing using the CM/ECF system, which will send electronic notifications of such filing to all counsel of record.

      DONALD E. CLARK
Acting United States Attorney

/s/ Ashley E. Eiler
Ashley E. Eiler
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street
East Tower, 6th Floor
Portland, ME  04101
(207) 771-3244
ashley.eiler@usdoj.gov
*Counsel* for *Defendant*