UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IMMIGRANT LEGAL ADVOCACY PROJECT and AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION,<br><br>      Plaintiffs,<br><br>      v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>      Defendant. | Case No. 2:21-CV-00066-JAW |

**DEFENDANT'S CONSOLIDATED RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (ECF NO. 40 at PageID #327-40 ¶¶ 1-27), RESPONSE TO PLAINTIFFS' ADDITIONAL FACTS (ECF NO. 38 at PageID #197-98, ¶¶ 1-8), AND DEFENDANT'S ADDITIONAL FACTS**

DARCIE N. MCELWEE
UNITED STATES ATTORNEY

/s/ *Katelyn E. Saner*
Katelyn E. Saner
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME 04101
(207) 780-3257
katelyn.saner@usdoj.gov

Defendant United States Immigration and Customs Enforcement ("Defendant" or "ICE"), by undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and Local Rules 56(c)-(d), hereby submits in this single filing: (1) Defendant's Response to Plaintiffs' Statement of Material Facts (ECF No. 40 at PageID #327-40 ¶¶ 1-27, "Pls.' SMF"); (2) Defendant's Response to Plaintiffs' Additional Facts (ECF No. 38 at PageID #197-98, ¶¶ 1-8, "Pls.' AF"); and (3) Defendant's Additional Facts ("Def.'s AF").

Defendant admits, denies, or qualifies Plaintiffs' stated facts contained at Paragraphs 1-27 of Pls.' SMF and Paragraphs 1-8 of Pls.' AF, and where a fact is not admitted, supports each denial or qualification by a record citation and applicable authority that the material cited by Plaintiffs in support cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c), (e); L.R. 56(d), (f). Pursuant to Local Rule 56(g), any facts admitted by Defendant are admitted solely for purposes of the parties' pending cross-motions for summary judgment and shall not be considered admissions for any other purpose. Moreover, by admitting to the accuracy of any facts asserted in Pls.' SMF or Pl.'s AF, Defendant is not conceding that such facts are material to the issues presented in the parties' cross-motions for summary judgment.

**DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS
(ECF NO. 40 at PageID #327-40 ¶¶ 1-27)**

1. Plaintiff American Civil Liberties Union of Maine is a nonprofit with a stated mission to educate the public about the civil rights and civil liberties implications of government activities and policies. [Affidavit of Zachary L. Heiden ¶ 2 appended hereto as **Exhibit 1**].

    **RESPONSE: Pls.' SMF 1 is ADMITTED.**

2. In December of 2020 Plaintiffs learned, via local news coverage, that Defendant U.S. Immigration and Customs Enforcement ("ICE") had started to build a new detention facility in Scarborough, Maine. *Id.* ¶ 3; *see also* Bangor Daily News, *Construction for covert ICE facility in Scarborough resumes after complaints* (Dec. 15, 2020),

https://www.bangordailynews.com/2020/12/15/news/portland/construction-for-covert-ice-facility-in-scarborough-resumes-after-complaints/.

>**RESPONSE: Pls.' SMF 2 is <u>QUALIFIED</u> to clarify that "detention facility" is Plaintiffs' characterization of the facility. The Scarborough facility is not listed as a detention facility on ICE's "Detention Facilities" webpage. ICE Detention Facilities, <u>available at</u> <u>https://www.ice.gov/detention-facilities</u> (last accessed Jan. 26, 2023). It is listed as a "[c]heck-[i]n [l]ocation" on ICE's "Check-In Locations" webpage. ICE Check-in Locations, <u>available at</u> <u>https://www.ice.gov/contact/check-in</u> (last accessed Jan. 26, 2023).**

3. This new facility generated significant and negative local attention, including protests at the site of the new facility. [Affidavit of Zachary Heiden ¶ 4].

>**RESPONSE: Pls.' SMF 3 is <u>ADMITTED</u>.**

4. The instant FOIA request was submitted to vindicate Plaintiff's mission, and public's right to know how ICE intends to use the new facility in Scarborough. *Id.* ¶ 6.

>**RESPONSE: Pls.' SMF 4 is <u>QUALIFIED</u> to clarify that the Affidavit of Zachary Heiden states that the "ACLU of Maine's previous civil rights concerns regarding ICE, combined with our mission to educate the public on civil rights issues, led to the ACLU of Maine submitting a Freedom of Information Act request to ICE on January 15, 2021." [ECF No. 38-1 (Heiden Aff.) ¶ 6.]**

5. Plaintiff submitted the instant FOIA request to ICE on January 15, 2021. *Id.*

>**RESPONSE: Pls.' SMF 5 is <u>ADMITTED</u>.**

6. A true and accurate copy of the FOIA request is attached hereto as **Exhibit 1-A**.

>**RESPONSE: Pls.' SMF 6 is <u>ADMITTED</u>.**

7. The FOIA request sought, among other documents, "Any records regarding policies for immigration detention at the ICE facility in Scarborough." Exhibit 1-A at 6.

>**RESPONSE: Pls.' SMF 7 is <u>ADMITTED</u>.**

8. The FOIA request stated that "words used within the requests for production . . . should be given their ordinary meaning." *Id.* at 5.

>**RESPONSE: Pls.' SMF 8 is <u>QUALIFIED</u> to clarify that the FOIA request stated that "[u]nless otherwise defined [in the FOIA request], words used within the requests for production . . . should be given their ordinary meaning." [ECF No. 38-2 (FOIA Request) at PageID #210.]**

9. Plaintiffs did not receive a response to their FOIA request within twenty business days, as required by statute. [Heiden Affidavit ¶ 8]; *see also* 5 U.S.C. § 552(a)(6)(A)(i).

> **RESPONSE: Pls.' SMF 9 is <u>QUALIFIED</u>. To the extent this statement suggests that Defendant has violated a statutory requirement, this is a conclusion of law rather than a statement of fact and so must be disregarded. <u>See, e.g.,</u> <u>William J. Kelly Co. v. RFC</u>, 172 F.2d 865, 867 (1st Cir. 1949) (holding on summary judgment that the court must "disregard" the "numerous conclusions of law" in affidavit on summary judgment as "inappropriate"); <u>F.R.C. Int'l, Inc. v. United States</u>, 278 F.3d 641 (6th Cir. 2002) (holding that "it is well settled that courts should disregard conclusions of law (or 'ultimate fact') found in affidavit" on summary judgment).**

10. On February 21, 2021, Plaintiffs emailed the ICE FOIA office seeking a response to the FOIA request. [Heiden Affidavit ¶ 9].

> **RESPONSE: Pls.' SMF 10 is <u>ADMITTED</u>.**

11. A true and accurate copy of the February 21, 2021 email is appended hereto as **Exhibit 1-B**.

> **RESPONSE: Pls.' SMF 11 is <u>ADMITTED</u>.**

12. Plaintiffs did not receive a response to the February 21, 2021 email. [Heiden Affidavit ¶ 10].

> **RESPONSE: Pls.' SMF 12 is <u>ADMITTED</u>.**

13. Plaintiffs filed this suit on March 3, 2021, seeking records responsive to its request. *Id.* ¶ 11; *see also* Complaint, Doc. No. 1.

> **RESPONSE: Pls.' SMF 13 is <u>ADMITTED</u>.**

14. Defendant began producing documents to Plaintiffs in May of 2021 and completed production in July of 2022. [Doc. No. 12, Status Report ¶¶ 5, 7; Doc. No. 32, Status Report ¶ 5].

> **RESPONSE: Pls.' SMF 14 is <u>ADMITTED</u>.**

15. Defendant has not produced any policies regarding immigration detention at the ICE facility in Scarborough in response to Plaintiffs' FOIA request. [Heiden Affidavit ¶ 13].

> **RESPONSE: Pls.' SMF 15 is <u>ADMITTED</u>.**

16. In December of 2021, the parties began meeting periodically to discuss the status of Defendant's search, Plaintiffs' review of disclosed documents, and redactions Plaintiffs sought to challenge. [January 12, 2022 Status Report, Doc. No. 21 ¶ 5].

> **RESPONSE: Pls.' SMF 16 is <u>ADMITTED</u>.**

17. In the course of these meetings, Plaintiffs' counsel explained that the disclosed documents did not appear to contain any sort of operational or planning document which laid out how the new facility in Scarborough would be used, how long detained persons would be kept there, and how many detained persons might be there at any time. [August 17, 2022 Status Report, Doc No. 32 ¶ 4; Heiden Affidavit ¶ 15].

    **RESPONSE: Pls.' SMF 17 is ADMITTED.**

18. In April of 2022 Defendant's counsel asked Plaintiffs to provide examples of documents which would qualify as that type of operational or planning document. [August 17, 2022 Status Report ¶ 4].

    **RESPONSE: Pls.' SMF 18 is ADMITTED.**

19. In response, on April 29, 2022 Plaintiffs provided via email two example documents which if disclosed, might resolve the case: certain portions of ICE's Deportable Alien Control System and ERO inspection reports. [Heiden Affidavit ¶ 18].

    **RESPONSE: Pls.' SMF 19 is ADMITTED.**

20. A true and accurate copy of the April 29, 2022 email is appended hereto as **Exhibit 1-C**.

    **RESPONSE: Pls.' SMF 20 is ADMITTED.**

21. On May 31, 2022, Defendant responded that both documents "fall outside the parameters of the FOIA request." [Heiden Affidavit ¶ 19].

    **RESPONSE: Pls.' SMF 21 is ADMITTED.**

22. A true and accurate copy of the May 31, 2022 email is appended hereto as **Exhibit 1-D**.

    **RESPONSE: Pls.' SMF 22 is ADMITTED.**

23. On June 2, 2022, Plaintiffs asked Defendant to provide more detail on their position. [Heiden Affidavit ¶ 20].

    **RESPONSE: Pls.' SMF 23 is ADMITTED.**

24. A true and accurate copy of the June 2, 2022 email is appended hereto as **Exhibit 1-E.**

    **RESPONSE: Pls.' SMF 24 is ADMITTED.**

25. Plaintiffs' June 2, 2022 email reiterated that the FOIA request sought "records . . . regarding plans for immigration detention" as well as "records regarding policies for immigration detention." Exhibit 1-E.

**RESPONSE: Pls.' SMF 25 is <u>ADMITTED</u>.**

26. On June 9, 2022**,** Defendant responded via email that ERO inspection reports were "neither a plan nor a policy about immigration detention at the Scarborough facility, as the request seeks." [Heiden Affidavit ¶ 21].

**RESPONSE: Pls.' SMF 26 is <u>ADMITTED</u>.**

27. A true and accurate copy of the June 9, 2022 email is appended hereto as **Exhibit 1-F**.

**RESPONSE: Pls.' SMF 27 is <u>ADMITTED</u>.**

### DEFENDANT'S RESPONSE TO PLAINTIFS' ADDITIONAL FACTS
### (ECF NO. 38 at PageID #197-98, ¶¶ 1-8)

1. In December of 2021, the parties began meeting periodically to discuss the status of Defendant's search, Plaintiffs' review of disclosed documents, and redactions Plaintiffs sought to challenge. [January 12, 2022 Status Report, Doc. No. 21 ¶ 5].

**RESPONSE: Pls.' AF 1 is <u>ADMITTED</u>.**

2. In the course of these meetings, Plaintiffs' counsel explained that the disclosed documents did not appear to contain any sort of operational or planning document which laid out how the new facility in Scarborough would be used for, how long detained persons would be kept there, and how many detained persons might be there at any time. [August 17, 2022 Status Report, Doc No. 32 ¶ 4].

**RESPONSE: Pls.' AF 2 is <u>ADMITTED</u>.**

3. In April of 2022 Defendant's counsel asked Plaintiffs to provide examples of documents which would qualify as that type of operational or planning document. *Id*.

**RESPONSE: Pls.' AF 3 is <u>ADMITTED</u>.**

4. In response, April 29, 2022 Plaintiffs provided two example documents which if disclosed, would resolve the case: certain portions of ICE's Deportable Alien Control System and ERO inspection reports. [Affidavit of Zachary Heiden ¶ 18, appended hereto as **Exhibit 1**]. A true and accurate copy of the April 29, 2022 email is appended hereto as **Exhibit 1-C**.

**RESPONSE: Pls.' AF 4 is <u>ADMITTED</u>.**

5. On May 31, 2022, Defendant responded that both documents "fall outside the parameters of the FOIA request." [Heiden Affidavit ¶ 19]. A true and accurate copy of the May 31, 2022 email is appended hereto as **Exhibit 1-D**.

**RESPONSE: Pls.' AF 5 is ADMITTED.**

6. On June 2, 2022, Plaintiffs asked Defendant to provide more detail on their position. [Heiden Affidavit ¶ 20]. A true and accurate copy of the June 2, 2022 email is appended hereto as **Exhibit 1-E.**

**RESPONSE: Pls.' AF 6 is ADMITTED.**

7. Plaintiffs' June 2, 2022 reiterated that the FOIA request sought "records . . . regarding plans for immigration detention" as well as "records regarding policies for immigration detention." Ex. 1-E.

**RESPONSE: Pls.' AF 7 is ADMITTED.**

8. On June 9, 2022, Defendant responded via email that ERO inspection reports were "neither a plan nor a policy about immigration detention at the Scarborough facility, as the request seeks." [Heiden Affidavit ¶ 21]. A true and accurate copy of the June 9, 2022 email is appended hereto as **Exhibit 1-F**.

**RESPONSE: Pls.' AF 8 is ADMITTED.**

* * * * *

### DEFENDANT'S ADDITIONAL FACTS

1. ICE's March 30, 2021 search by a Management and Program Analyst ("MPA") in ERO's Policy Office of the ICE Policy Manual and the ERO Policy Library used the terms "Scarborough" and "detention" together. During the course of this litigation, the ERO Policy Office then conducted an additional search of the ICE Policy Manual and the ERO Policy Library using the term "Scarborough" alone without "detention." The additional search resulted in no records responsive to Plaintiffs' FOIA Request from either the ICE Policy Manual or the ERO Policy Library. It would be unduly burdensome for ICE to search for and review for responsiveness every single document contained in the ICE Policy Manual and the ERO Policy Library without any limiting search terms. **[ECF No. 45 (Supplemental Declaration of Fernando Pineiro dated Dec. 16, 2022 (the "Pineiro Supp. Decl.")) ¶ 3)**

2. Fernando Pineiro's original declaration dated August 30, 2022 filed with Defendant's summary judgment brief explained that the ERO Boston Field Office tasked two Assistant Field Directors ("AFODs") and the Supervisory Detention and Deportation Officer ("SDDO") from the ERO Boston Field Office to conduct searches. Collectively, these three individuals were the only directors and/or supervisors of the Boston Field Office that oversaw operations in Maine and/or would be involved in plans for ERO facilities in the state of Maine. **[ECF No. 46 (Second Supplemental Declaration of Fernando Pineiro dated Jan. 23, 2023 (the "Pineiro Second Supp. Decl.") ¶ 5.]**

3. Without conceding the adequacy of its search, in the interest of transparency and cooperation,

in December 2022, the SDDO from the ERO Boston Field Office, described at Paragraph 25 of the original Pineiro declaration dated August 30, 2022, conducted a supplemental search. This supplemental search consisted of the SSDO searching their (1) computer files using the term "ICE transfers," "Detainee transfers," "Cumberland County Jail," "Sheriff Kevin Joyce," "Scarborough office," "Zoning Approval," "Scarborough office lease," and "COVID," as well as the standalone term "Scarborough" and (2) Outlook email using the standalone term "Scarborough." The SDDO's supplemental search returned four potentially responsive records, which were reviewed for responsiveness and produced to Plaintiffs (subject to legitimate withholdings) on January 27, 2023. **[ECF No. 45 (Pineiro Supp. Decl.) ¶ 4; ECF No. 46 (Pineiro Second Supp. Decl.) ¶ 3; <u>see also</u> ECF No. 47 (Saner Declaration dated Jan. 30, 2023 (the "Saner Decl.")), Ex. B (ICE Production Cover Letter dated Jan. 27, 2023).]**

4. The Deportable Alien Control System ("DACS") is a case management system that tracks detainees. DACS provides management information concerning the status and disposition of an individual detainee's case, and is used to track the location of detained individuals, as well as the status of individuals' immigration court hearings. Factors considered in deciding whether to apprehend or detain an individual are not recorded in DACS. DACS is not a record regarding policies. The DACS data contains information following the initial processing of a criminal alien, with much of the information coming from the I-213 Record of Deportable Alien, which includes without limitation place of incarceration, federal, state or county identification number, data and type of conviction, release date and appropriate criminal charge code. A search of the entries from DACS for those people detained at Scarborough, if any, would not result in records responsive to Plaintiff's request for "any records regarding policies," as DACS is a case management tracking system and does not contain any policy guidance. **[ECF No. 45 (Pineiro Supp. Decl.) ¶ 5.]**

5. ERO inspection reports are a form worksheet that inspectors fill out to ensure that detainees in ICE custody are housed in the least restrictive environment consistent with the safety and security of the detained population and orderly facility operations. **[ECF No. 45 (Pineiro Supp. Decl.) ¶ 6.]**

6. Without conceding the adequacy of ICE's search, in the interest of transparency and cooperation, in December 2022, ICE conducted a supplemental search for ERO inspection reports relating to the Scarborough, Maine facility. The search was conducted by a MPA (previously defined as a Management and Program Analyst) from the Executive Support Unit within ICE's ERO Custody Management division. The search was conducted using the terms "Scarborough" and "Scarborough facility," and did not result in any potentially responsive records. **[ECF No. 45 (Pineiro Supp. Decl.) ¶ 6; ECF No. 46 (Pineiro Second Supp. Decl.) ¶ 4.]**

7. A true and accurate copy of ECF No. 1-1 filed on July 29, 2019 on CM/ECF in <u>ACLU v. USCIS</u>, 19-cv-7058 (S.D.N.Y.) is attached to the Saner Declaration as Exhibit A. This filing is a FOIA request submitted by the ACLU to ICE on October 3, 2018. It seeks, in part, "electronic spreadsheet data" for "removals that have occurred between 2003 and the date of this request or any later date," and then lists 35 fields of sought data, which include without limitation the following data fields: "Departed Date"; "Port of Departure"; "Departed to Country"; "Case

Status"; "Gender"; "Country of Birth"; and Country of Citizenship". **[ECF No. 47 (Saner. Decl.), Ex. A (ACLU FOIA Request in <u>ACLU v. ICE</u>, 19-cv-7058 (S.D.N.Y.)).]**

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DARCIE N. MCELWEE<br>United States Attorney |
| Dated: January 30, 2023<br>       Portland, Maine | <u>/s/ Katelyn E. Saner</u><br>Katelyn E. Saner<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>100 Middle Street<br>East Tower, 6th Floor<br>Portland, ME 04101<br>(207) 780-3257<br>Katelyn.Saner@usdoj.gov |

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 30, 2023, I electronically filed the foregoing using the CM/ECF system, which will send electronic notifications of such filing to all counsel of record.

                                    DARCIE N. MCELWEE
                                    United States Attorney

                                    /s/ Katelyn E. Saner
                                    Katelyn E. Saner
                                    Assistant United States Attorney
                                    U.S. Attorney's Office
                                    100 Middle Street
                                    East Tower, 6th Floor
                                    Portland, ME 04101
                                    (207) 780-3257
                                    Katelyn.Saner@usdoj.gov