## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

IMMIGRANT LEGAL ADVOCACY PROJECT )
and AMERICAN CIVIL LIBERTIES UNION )
OF MAINE FOUNDATION, )
)
       Plaintiffs, )
)
     v. )     Case No. 2:21-CV-00066-JAW
)
U.S. IMMIGRATION AND CUSTOMS )
ENFORCEMENT, )
)
       Defendant. )

### PLAINTIFFS' RESPONSE TO DEFENDANT'S ADDITIONAL FACTS

Plaintiffs Immigrant Legal Advocacy Project and American Civil Liberties Union

Foundation ("Plaintiffs") hereby submit this Response to Defendant's Additional Facts [Doc No.

48].

### DEFENDANT'S ADDITIONAL FACTS

1.   ICE's March 30, 2021 search by a Management and Program Analyst ("MPA") in ERO's

Policy Office of the ICE Policy Manual and ERO Policy Library used the terms "Scarborough"

and "detention" together. During the course of this litigation, the ERO Policy Office then

conducted an additional search of the ICE Policy Manual and the ERO Policy Library using the

term "Scarborough" alone without "detention." The additional search resulted in no records

responsive to Plaintiffs' FOIA Request from either the ICE Policy Manual or the ERO Policy

Library. It would be unduly burdensome for ICE to search for and review for responsiveness

every single document contained in the ICE Policy Manual and the ERO Policy Library without

any limiting search terms. **[ECF No. 45 (Supplemental Declaration of Fernando Pineiro**

**dated Dec. 16, 2022 (the "Pineiro Supp. Decl.")) ¶ 3)**

1

**RESPONSE: Qualified.** To the extent this statement suggests that any further search of the ICE Policy Manual and the ERO Policy Library would be an undue burden, that is a conclusion of law rather than a statement of fact and so must be disregarded. *See, e.g., William J. Kelly Co. v. RFC*, 172 F.2d 865, 867 (1st Cir. 1949) (holding on summary judgment that the court must "disregard" the "numerous conclusions of law" in affidavit on summary judgment as "inappropiate"); *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641 (6th Cir. 2002) (holding that "it is well settled that courts should disregard conclusions of law (or 'ultimate fact') found in affidavit" on summary judgment).

2.   Fernando Pineiro's original declaration dated August 30, 2022 filed with Defendant's summary judgment brief explained that the ERO Boston Field Office tasked two Assistant Field Directors ("AFODs") and the Supervisory Detention and Deportation Officer ("SDDO") from the ERO Boston Field Office to conduct searches. Collectively, these three individuals were the only directors and/or supervisors of the Boston Field Office that oversaw operations in Maine and/or would be involved in plans for ERO facilities in the state of Maine. **[ECF No. 46 (Second Supplemental Declaration of Fernando Pineiro dated Jan. 23, 2023 (the "Pineiro Second Supp. Decl.") ¶ 5.]**

**RESPONSE**: **Admitted.**

3.   Without conceding the adequacy of its search, in the interest of transparency and cooperation, in December 2022, the SDDO from the ERO Boston Field Office, described at Paragraph 25 of the original Pineiro declaration dated August 30, 2022, conducted a supplemental search. This supplemental search consisted of the SSDO searching their (1) computer files using the term "ICE transfers," "Detainee transfers," "Cumberland County Jail," "Sheriff Kevin Joyce," the standalone term "Scarborough," and (2) Outlook email using the

2

standalone term "Scarborough." The SDDO's supplemental search returned four potentially responsive records, which were reviewed for responsiveness and produced to Plaintiffs (subject to legitimate withholdings) on January 27, 2023. **[ECF No. 45 (Pineiro Supp. Decl.) ¶ 4; ECF No. 46 (Pineiro Second Supp. Decl.) ¶ 3; <u>see also</u> ECF No. 47 (Saner Declaration dated Jan. 30, 2023 (the "Saner Decl.")), Ex. B (ICE Production Cover Letter dated Jan. 27, 2023).]**

    **RESPONSE: Admitted.**

4.   The Deportable Alien Control System ("DACS") is a case management system that tracks detainees. DACS provides management information concerning the status and disposition of an individual detainee's case, and is used to track the location of detained individuals, as well as the status of individuals' immigration court hearings. Factors considered in deciding whether to apprehend or detain an individual are not recorded in DACS. DACS is not a record regarding policies. The DACS data contains information following the initial processing of a criminal alien, with much of the information coming from the I-213 Record of Deportable Alien, which includes without limitation place of incarceration, federal, state or county identification numbers, data and type of conviction, release date and appropriate criminal charge code. A search of the entries from DACS for those people detained at Scarborough, if any would not result in records responsive to Plaintiff's request for "any records regarding policies," as DACS is a case management tracking system and does not contain any policy guidance. **[ECF No. 45 (Pineiro Supp. Decl.) ¶ 5.]**

    **RESPONSE: Admitted.**

5.   ERO inspection reports are a form worksheet that inspectors fill out to ensure that detainees in ICE custody are housed in the least restrictive environment consistent with the

safety and security of the detained population and orderly facility operations. **[ECF No. 45 (Pineiro Supp. Decl.) ¶ 6.]**

 **RESPONSE: Admitted.**

6. Without conceding the adequacy of ICE's search, in the interest of transparency and cooperation, in December 2022 ICE conducted a supplemental search for ERO inspection reports relating to the Scarborough, Maine facility. The search was conducted by an MPA (previously defined as a Management and Program Analyst) from the Executive Support Unit within ICE'S ERO Custody Management division. The search was conducted using the terms "Scarborough" and "Scarborough facility," and did not result in any potentially responsive records. **[ECF No. 45 (Pineiro Supp. Decl.) ¶ 6; ECF No. 46 (Pineiro Second Supp. Decl.) ¶ 4.]**

 **RESPONSE: Admitted.**

7. A true and accurate copy of ECF No. 1-1 filed on July 29, 2019 on CM/ECF in <u>ACLU v. USCIS</u>, 19-cv-7058 (S.D.N.Y.) is attached to the Saner Declaration as Exhibit A. This filing is a FOIA request submitted by the ACLU to ICE on October 3, 2018. It seeks, in part, "electronic spreadsheet data" for "removals that have occurred between 2003 and the date of this request or any later date," and then lists 35 fields of sought data, which include without limitation the following data fields: "Departed Date"; "Port of Departure"; "Departed to Country"; "Case Status"; "Gender"; "Country of Birth"; and Country of Citizenship". **[ECF No. 47 (Saner Decl.), Ex. A (ACLU FOIA Request in <u>ACLU v. ICE</u>, 19-cv-7058 (S.D.N.Y.)).]**

 **RESPONSE: Qualified.** To the extent that this fact conflates "the ACLU" which was the plaintiff in <u>ACLU v. USCIS</u>, 19-cv-7058 (S.D.N.Y.) with Plaintiff American Civil Liberties Union of Maine, that conflation is incorrect. The New York case was filed by the American Civil Liberties Union, a distinct organization from the American Civil Liberties Union of Maine with

different members, boards of directors, and employees. *See* <u>ACLU v. USCIS</u>, 19-cv-7058

(S.D.N.Y.); **[Sotoohi Affidavit ¶ 3]**

Respectfully submitted,

<u>/s/ Anahita D. Sotoohi</u>
Anahita Sotoohi
Carol Garvan
American Civil Liberties Union of Maine
Foundation
P.O. Box 7860
Portland, Maine 04112
(207) 619-8687
*asotoohi@aclumaine.org*
*cgarvan@aclumaine.org*

*Attorneys for Plaintiffs Immigrant Legal
Advocacy Project and American Civil
Liberties Union of Maine Foundation*

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2023, I electronically filed the foregoing using the CM/ECF system, which will send electronic notifications of such filing to all counsel of record.

Dated: February 14, 2023

/s/Anahita D. Sotoohi
Anahita D. Sotoohi
American Civil Liberties Union of Maine
Foundation
P.O. Box 7860
Portland, Maine 04112
(207) 613-4350
*asotoohi@aclumaine.org*