**UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MAINE**

| |
|---|
| IMMIGRANT LEGAL ADVOCACY PROJECT and AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION, |
| *Plaintiffs*, |
| v. |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, |
| *Defendant.* |

Case No. 2:21-cv-00066

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff American Civil Liberties Union of Maine Foundation moves under the Freedom of Information Act ("FOIA") for an award of attorneys' fees and costs reasonably incurred in this successful FOIA litigation. Plaintiff has substantially prevailed in this action and is therefore eligible for attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E) due to Defendant U.S. Immigration and Customs Enforcement ("ICE")'s disclosures in the course of this litigation. FOIA mandates an award of fees and costs because Plaintiff brought this action solely to serve the public interest, this action *has* served the public interest, and Defendant had no reasonable basis for withholding records released during this litigation. Plaintiffs respectfully request that the Court award reasonable attorneys' fees and expenses of $28,753.10, as set forth in the billing records attached to the Declaration of Anahita Sotoohi.

**BACKGROUND**

In December of 2020, Plaintiffs learned from local news reports that Defendant had started to build a new facility in Scarborough, Maine. Plaintiffs were alarmed for two reasons. First, Defendant's detention facilities have historically been home to numerous civil rights violations; second, Plaintiffs were concerned that a new facility would become a COVID spreading ground. With these concerns in mind, Plaintiffs submitted a FOIA request to Defendant on January 15, 2021, seeking more information about the planned facility.

Plaintiffs did not receive a response to their request within twenty business days, as required by statute. On February 21, 2021, Plaintiffs emailed Defendant's FOIA office seeking a response to the FOIA request. Again, Defendant did not provide any response. Ultimately, on March 3, 2021, Plaintiffs filed this suit, bringing claims for failure to respond within twenty business days in violation of 5 U.S.C. § 552(a)(6)(A)(i); failing to make records promptly available in violation of 5 U.S.C. § 552(a)(3)(A); and improperly denying Plaintiffs' request for expedited processing, in violation of 5 U.S.C. § 552(a)(6)(E)(ii)(I). [ECF No. 1, Complaint; ECF No. 4, Amended Complaint]. Plaintiffs sought a declaratory judgment finding that ICE had violated FOIA; an order compelling Defendant to disclosed requested records to Plaintiffs without charge or, in the alternative, provide for expediting processing; and an award of attorneys' fees and costs. ECF No. 4.

On April 16, 2021, the Court entered an Order compelling defendant to "review 500 pages within the scope of Plaintiffs' request for documents and [] produce any responsive documents within the 500 pages on or before May 12, 2021." [ECF No. 11]. On May 13, 2021, after receiving a status report from the parties, the Court found that Defendant had identified "approximately 2,800 pages" of potentially responsive documents and compelled Defendant to

"process at least 500 pages per month beginning in June 2021." [ECF No. 13]. Defendant produced documents under the schedule set by the Court. [ECF No. 25, Joint Status Report].

In October and November of 2022, the parties filed cross-motions for summary judgment. Plaintiffs argued that 1) Defendant had failed to conduct a reasonable search for "records regarding policies for immigration detention" at Scarborough; 2) searches of officers' email and computer files were not reasonably calculated to discover responsive documents; and 3) Defendant's search of its policy office was not reasonably calculated to discover responsive documents. [ECF No. 39]. Defendant responded in part by conducting further searches of its policy library, staff emails, and staff computers. [ECF No. 48].

On April 12, 2023, the Court adopted the Magistrate Judge's recommended decision granting Plaintiffs' partial summary judgment and ordered Defendant to:

> supplement the search of the Policy Library (a) through an electronic search using additional search terms to identify any policies, policy statements, and written guidance applicable to any detainees and detention activities (including when an individual who is presented for a "check-in" might be held) at the Scarborough facility, and (b) through the disclosure by the Boston Field Office supervisory and responsible employees of the policies they understand govern the detention or holding of individuals at the Scarborough facility.

[ECF No. 53, *affirming* ECF No. 52].

Defendant produced additional, previously undisclosed documents as a result of that ordered search, including a document in which Boston Field Office staff explained the purpose of the Scarborough facility. Defendant completed its obligations under the Order on May 25, 2023. [ECF No. 55].

Plaintiffs have therefore substantially prevailed in this litigation. When Plaintiffs initiated this litigation in March 2021 they had not received a single responsive document; as a result of this litigation they have now obtained thousands of pages of public records concerning the

construction and purpose of Defendant's new Scarborough facility. "FOIA provides for awards of attorneys' fees and costs to prevailing parties for two main purposes: (1) to encourage Freedom of Information Act suits that benefit the public interest and (2) to serve as compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements." *Barnard v. DHS*, 656 F.Supp.2d 91, 97 (D.D.C. 2009) (internal quotations omitted). An attorneys' fee award in this case serves both purposes.

**ARGUMENT**

Under FOIA, a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). "To award attorneys' fees under FOIA, a court must undertake a two-step inquiry." *Campaign for Responsible Transplantation v. FDA*, 593 F.Supp.2d 236, 240 (D.D.C. 2009). First, the court should determine whether the plaintiff has "substantially prevailed" in the litigation and is therefore "eligible" for an award under the statute. *Weisberg v. DOJ*, 745 F.2d 1476, 1495 (D.C. Cir. 1984). Second, the court should determine whether the plaintiff is "entitled" to an award. *Id.* That determination is a matter of judicial discretion guided by four factors: (1) the public benefit derived from the case, (2) the commercial benefit to the plaintiff, (3) the nature of the plaintiff's interest in the records, and (4) whether the agency had a reasonable basis in law for withholding the records at issue. *Id.* at 1498. Finally, if a plaintiff is both eligible for and entitled to an award of fees and costs, the court should assess whether the plaintiff's requested amount is reasonable. *Summers v. DOJ*, 477 F.Supp.2d 56, 63-64 (D.D.C. 2007).

I.    **PLAINTIFF HAS SUBSTANTIALLY PREVAILED.**

Under FOIA's attorneys' fee provision, a plaintiff has "substantially prevailed . . . . if the complainant has obtained relief through [] a judicial order, or an enforceable written agreement or consent decree . . . ." 5 U.S.C. § 552(a)(4)(E)(ii)(I). This requirement is met when "the order changed the legal relationship between the parties and the plaintiff was awarded some relief on the merits of his claim." *Poitras v. DHS*, 2019 WL 1569561 at *5 (D.D.C. April 11, 2019) (cleaned up). A change in legal relationship occurs even when the FOIA plaintiff is successful on only a portion of its claims. *PETA v. NIH*, 130 F.Supp.3d 156, 163 (D.D.C. 2015) (finding plaintiff eligible for fees even when plaintiff received relief only on a "narrow portion" of one of its claims). A change in legal relationship also occurs, under FOIA, when a party that withheld documents prior to suit is compelled to disclose documents by the court. *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 370 (D.C. Cir. 2008) (finding that orders compelling defendant to disclose videos rendered plaintiff substantially prevailing). An order compelling a FOIA defendant to undertake a more thorough search for records also changes the legal relationship. *Urban Air Init., Inc. v. EPA,* 442 F.Supp.3d 301, 313 (D.D.C. 2020) (finding plaintiff had substantially prevailed when it partially succeeded on summary judgment and defendant was ordered to conduct a more thorough search).

Here, Plaintiffs have substantially prevailed because they have obtained relief through multiple judicial orders. When Plaintiffs brought this action in early 2021, Defendant had produced no documents. After Plaintiffs filed suit, in May 2021 this Court ordered Defendant to produce documents and Defendant complied with that order by producing thousands of pages of responsive documents. That alone is sufficient to make Plaintiffs eligible for an attorneys' fee award. In addition, after summary judgment briefing, in April 2023 the Court issued an order affirming the Magistrate Judge's Recommended Decision finding that Defendant's document

search was inadequate in certain respects and compelling Defendant to perform further searches and disclose additional documents.

In sum, over the course of more than two years of litigation, this Court has issued multiple judicial orders that have afforded Plaintiffs their requested relief and changed the legal relationship between the parties. Plaintiff has therefore substantially prevailed under FOIA and is eligible for an award of fees and costs.

**II.      PLAINTIFFS ARE ENTITLED TO AN AWARD OF FEES AND COSTS.**

The D.C. Circuit has prescribed four factors for district courts to consider in deciding whether an eligible FOIA plaintiff is "entitled" to an attorneys' fees award: (1) the public benefit derived from the case, (2) the commercial benefit to the plaintiff, (3) the nature of the plaintiff's interest in the records, and (4) whether the agency had a reasonable basis in law for withholding the records at issue. *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008). Each of these factors weighs in favor of an award here.

**A.  This litigation has served the public interest.**

The first factor "requires consideration of both the effect of the litigation for which fees are requested and the potential public value of the information sought." *Id.* at 1159. The public benefits from FOIA litigation if disclosures resulting from the litigation "add to the fund of information that citizens may use in making vital political choices." *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (quotation omitted).

Defendant's facility in Scarborough has been the subject of significant public attention.[1] When Plaintiffs were successful on summary judgment, that success also garnered media

---

[1] *Minutes, Scarborough Town Council, Wednesday-February 17, 2021*, https://drive.google.com/file/d/1kQN5aOA0GYUMyGEXfGGDiyFsnfct0N_n/view; Nick Schroeder, *ICE plans to open Scarborough facility to hold people accused of immigration violations,* Bangor Daily News (Feb. 14, 2020), https://www.bangordailynews.com/2020/02/14/news/ice-plans-to-open-scarborough-facility-to-hold-people-

attention—demonstrating the public's interest in this information.[2] As well, documents Plaintiffs received as a result of this litigation are now available to the public.[3] In short, this case has clearly added to the "fund of information that citizens may use in making vital political choices;" it is, indeed, exactly the type of litigation that FOIA's fee provision was designed to encourage. *See LaSalle Extension Univ. v. FTC*, 627 F.2d 481, 484 (D.C. Cir. 1980) ("Congress clearly intended the award of fees to . . . encourage Freedom of Information Act suits that benefit the public interest.").

### B. Plaintiffs' sole purpose is to share information about ICE's activities with the public, not to use the records for any commercial or private purpose.

"Although listed as separate factors, the second and third factors—the commercial benefit to plaintiff from FOIA disclosure and the nature of the plaintiff's interest in disclosure—are closely related and often considered together." *Barnard*, 656 F. Supp. 2d at 99. Where the sole purpose of a FOIA request is "to obtain and disseminate information of interest to the public" and is thus "entirely non-commercial and public-oriented," these factors "favor[] an award of fees." *Judicial Watch*, 2011 WL 1195789, at *5.

Here Plaintiffs, non-profit organizations, "clearly do[] not represent the 'large corporate interest' meant to be precluded from receiving attorneys fees under the FOIA statute." *Jarno v. DHS*, 365 F. Supp. 2d 733, 739 (E. D. Va. 2005); *see also* Amended Complaint ¶ 7. Plaintiffs sought disclosure of the requested records purely to serve the public interest. [ECF No. 40 Ex. 1,

---

accused-of-immigration-violations/; Nick Schroeder, *Construction for covert ICE facility in Scarborough resumes after complaints,* Bangor Daily New (Dec. 15, 2020) https://www.bangordailynews.com/2020/12/15/news/portland/construction-for-covert-ice-facility-in-scarborough-resumes-after-complaints/.

[2] *ICE ordered to dig deeper to respond to Maine public records lawsuit,* Bangor Daily News (Apr. 17, 2023), https://www.bangordailynews.com/2023/04/17/news/portland/ice-public-records-lawsuit-maine/; *Judge rules Maine ICE facility must release more records in ACLU suit,* Fox News (Apr. 17, 2023), https://www.foxnews.com/us/judge-rules-maine-ice-facility-release-records-aclu-suit.

[3] ACLU, *ICE Detention Activities in Maine*, https://www.aclu.org/foia-collection/ice-detention-activities-maine.

Heiden Affidavit, ¶¶ 2, 6]. The second and third factors therefore also weigh in favor of an award.

### C. Defendant did not have a reasonable basis in law for withholding records released in this litigation.

Defendant did not have a reasonable basis for withholding the documents it disclosed as a result of this litigation. Defendant has never asserted that the thousands of pages it released following the Court's April 2021 Order were exempt from FOIA or that it had any legal basis for withholding the records. Nor can Defendant blame administrative backlog for its failure to produce a sufficient response before the commencement of litigation. "A defendant's failure to produce documents due to backlog or administrative issues does not constitute a 'reasonable basis in law.'" *Jarno*, 365 F. Supp. 2d at 740.  In sum, all four factors used to determine whether an eligible plaintiff should receive an award of attorneys' fees and costs clearly weigh in Plaintiff's favor. The Court should, therefore, exercise its discretion to grant such an award.

### III.    PLAINTIFFS' REQUESTED AWARD IS REASONABLE.

As the Supreme Court has explained, "[t]he "lodestar" figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a strong presumption that the lodestar represents the reasonable fee." *Burlington v. Dague*, 505 U.S. 557, 562 (1992) (cleaned up). Under the well-established lodestar method, the number of hours reasonably expended in the litigation is multiplied by the reasonable hourly rate for the services performed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 894-896 (1984); *Wilcox v. Stratton Lumber, Inc*., 921 F.Supp. 837, 845 (D. Me. 1996). A reasonable hourly fee is determined "according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum*, 465 U.S. at 895.

It is well-settled that in fee-shifting cases a "reasonable" fee is to be a "fully compensatory fee." *Hensley*, 461 U.S. at 435. As this Court has noted, "fee requests should not result in a second major litigation, and the goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Falmouth School Dep't v. Doe*, 2:20-cv-00214-GZS, 2023 WL 2072079, at \*1 (Feb. 17, 2023) (cleaned up).

### A. The Requested Hourly Rates Are Reasonable

The reasonable rate is "determined by reference to the marketplace," *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989), and "takes into account variations in the skill and experience of attorneys." *Blum*, 895–96 n. 11. "[T]he precedents support using the rates at the time of the award (as a rough offset for the lack of interest on attorney fees that are so long delayed in payment)." *Nat'l Org. for Marriage v. McKee*, Civ. 09-538-B-H, 2013 WL 140620, at \*2 (D. Me. Jan. 11, 2013); see also *Jenkins*, 491 U.S. at 283-284.

In this case, Plaintiffs' counsel's requests reimbursement for time expended at their current reasonable hourly rates, as follows: Attorney Garvan (Legal Director, 16 years of experience) - $380; Attorney Sotoohi (Legal Fellow, 5 years of experience) - $220 per hour. These hourly rates are well within the range of reasonableness given the qualifications, skills, and experience of Attorneys Garvan and Sotoohi. *See* Sotoohi Decl ¶¶ 6, 10 (detailing qualifications, attaching resumes).[4] And as detailed in the declarations of three experienced Maine attorneys, these hourly rates are at or below the prevailing current market rates in Maine

---

[4] These hourly rates are in keeping with inflation calculations endorsed by this Court. *Coastal Counties Workforce, Inc. v. LePage*, 2018 WL 6438743, 1:17-cv-417-JAW at \*4 (December 7, 2018) (utilizing Bureau of Labor's inflation calculator and past approved rates to determine that exceptionally experienced counsel were entitled to $367.50 per hour, highly experienced counsel were entitled to $315 per hour, reasonably experienced counsel were entitled to $262.50 per hour, and associates were entitled to $183.75 per hour). According to the Bureau of Labor's inflation calculator, a $183.75 per hour rate for associates in December 2018 is equivalent to a $222.34 hourly rate in May 2023 (the most recent month for which there is data), and a $315 per hour rate for highly experienced counsel in December 2018 is equivalent to a $381.32 hourly rate in May 2023. *See* U.S. Bureau of Labor Statistics, *CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm.

for attorneys of similar skills, experience, and reputation. *See* O'Meara Decl ¶¶ 4, 6; Hansen Decl ¶¶ 12-14, 17, 20-21; Mancuso Decl ¶¶ 6-10.[5]

These rates are also well-supported by this Court's recent precedents and by information concerning the Portland legal market and the level of inflation in legal services over the past few years. Earlier this year, for example, this Court approved comparable or higher hourly rates for civil rights work in an IDEA case, taking judicial notice of "government data showing that inflation during the intervening four years has increased the cost of legal services by approximately 17.6%." *Falmouth School Dep't*, 2023 WL 2072079 at *3 (approving requested hourly rates of $435 for attorney with 35 years' experience and $220 for attorney with 3 years' experience, among others); *see also Toddle Inn Franchising, LLC v. KPJ Assocs. LLC*, No. 2:18-CV-00293-JDL, 2021 WL 5828029, at *4 (D. Me. Dec. 8, 2021) (approving requested hourly rates of $400/hour for attorney with 28 years' experience and $300 for attorney with 10 years' experience, among others); *Coastal Communities Workforce, Inc., v. LePage,* 1:17-cv-00417-JAW, 2018 WL 6438743, at *4 (D. Me. Dec. 7, 2018) (in 2018, approving hourly rates of $367.50 for highly experienced counsel, $315 for highly experienced counsel, and $183.75 for associates, among others); *Dorr v. Woodlands Senior Living*, 1:15-cv-00092-JCN, 2017 WL 4329765 at *2 (D. Me. Sept. 29, 2017) (awarding fees at $350/hour for experienced counsel for work in 2017 and $300/hour for work in 2016 and earlier); *Maine People's Alliance v. Holtrachem Manufacturing Company, LLC*, No. 1:00-CV-00069-JAW, 2016 WL 5676887, at *1 (D. Me. Sept. 30, 2016).

---

[5] Consistent with precedents of the First Circuit and of this Court, Plaintiffs request reasonably reduced hourly rates for their time spent on this fee litigation: $150 for Attorney Sotoohi, and $275 for Attorney Garvan. See *Falmouth School Dep't*, 2023 WL 2072079 (approving hourly rates requested in fee motion (ECF No. 57, at 12), which included somewhat reduced rates for fee litigation: $300/hour for highly experienced attorney and $150 for new associate attorney); *see generally Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008) (suggesting that time spent on fee litigation should be compensated "at lower rates than those deemed reasonable for the main litigation").

**B. The Number of Hours Worked is Reasonable**

The hours for which compensation is requested are supported by detailed time records clearly identifying the subject matter of the time expenditures. Counsel submit with this motion documentation indicating the attorney, time spent on any activity, deductions made in the exercise of billing judgment, specific descriptions of the activity, and the hourly rate charged by the attorney. *See* Attachment A to Sotoohi Decl.

The types of work for which Plaintiffs seek reimbursement include: preparing summary judgment motions, negotiating with opposing counsel, and reviewing and analyzing the ample documents disclosed by Defendant. Plaintiffs do not seek compensation for time spent drafting the original FOIA request, Complaint, or Amended Complaint; or time spent solely on those unsuccessful portions of Plaintiffs' motion for summary judgment. Most of the litigation work was performed by the least expensive member of Plaintiffs' counsel. Because Plaintiffs' requested hours are not "duplicative, unproductive, or excessive," Plaintiffs' requested award is reasonable. *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).

**C. Plaintiff Expended $423.60 in Costs.**

Plaintiffs have invested $423.60 in costs and expenses to litigate this public records action. *See* Sotoohi Declaration, Attachment G. This includes the filing fee and the cost of serving Defendant with the Amended Complaint via certified mail. Courts routinely allow counsel to recover their reasonable out-of-pocket expenses.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion and award Plaintiff its reasonable attorneys' fees and costs in the amount of $28,753.10.

Dated: July 11, 2023

/s/ Anahita D. Sotoohi
Anahita D. Sotoohi
 American Civil Liberties Union of
 Maine Foundation
PO Box 7860
Portland, Maine 04112
(207) 613-4350
 *asotoohi@aclumaine.org*

/s/ Carol J. Garvan
Carol J. Garvan
American Civil Liberties Union of
Maine Foundation
PO Box 7860
Portland, Maine 04112
*cgarvan@aclumaine.org*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2023, I electronically filed the foregoing using the

CM/ECF system, which will send electronic notifications of such filing to all counsel of

record.

Dated: July 11, 2023                      /s/ Anahita D. Sotoohi
                                          Anahita D. Sotoohi
                                          American Civil Liberties Union of Maine
                                          Foundation
                                          PO Box 7860
                                          Portland, Maine 04112
                                          (207) 613-4350
                                          *asotoohi@aclumaine.org*